ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
NICHOLAS A. SUBIAS (BAR NO. 228789)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  rmoore@allenmatkins.com
         mbetz@allenmatkins.com
         nsubias@allenmatkins.com

Attorneys for Plaintiff/Counter-Defendant
JEAN PHLEGER, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEAN PHLEGER, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTRYWIDE HOME LOANS, Inc.; COUNTRYWIDE BANK, N.A.; AMERICA'S WHOLESALE LENDER; FIRST NATIONAL MORTGAGE SOURCES, LLC; GEORGE W. HANNAH II; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. C-07-1686 SBA (WDB)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF JEAN PHLEGER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Date:　　November 15, 2007<br>Time:　　TBD<br>Ctrm:　　3, 3rd Floor<br>Judge:　　Hon. Saundra B. Armstrong<br><br>Complaint Filed:　　August 16, 2006<br>Date Case Removed:　March 23, 2007 |
| AND RELATED CROSS, COUNTER AND THIRD-PARTY CLAIMS. | |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

Case No.  C-07-1686 SBA (WDB)
[Proposed] Order

1  Presently before the Court is Plaintiff Jean Phleger's Application For Temporary
2  Restraining Order Enjoining Foreclosure And Order To Show Cause ("Application") pursuant to
3  Federal Rule of Civil Procedure, Rule 65, and Local Rule Rule 65-1.  In her Application, Plaintiff
4  Phleger seeks an order temporarily restraining defendants Countrywide Home Loans, Inc. and
5  Countrywide Bank, N.A., and Recontrust Company ("collectively Countrywide") and their agents
6  from proceeding with a November 26, 2007, foreclosure sale on her family home located at
7  2728 Green Street in San Francisco, California, as well as an order to show cause why such
8  foreclosure sale should not be preliminarily enjoined through the resolution of this action.
9  Based upon the Court's review of Plaintiff's Application for Temporary Restraining Order
10 and Order to Show Cause, Memorandum of Points and Authorities, supporting Declarations and
11 attached Exhibits, and arguments of counsel, Plaintiff Phleger's Application is granted for the
12 reasons discussed and specified below.

13 **I.   BACKGROUND**

14 This case arises out of a financial fraud perpetrated against Plaintiff Phleger.  One of the
15 primary actors in the fraud was Michael Edison ("Edison"), a defendant in this action.  Plaintiff
16 Phleger alleges Edison's fraud scheme involved using Mrs. Phleger's name and home to
17 fraudulently obtain millions of dollars in loan proceeds.  To carry out his scheme, Plaintiff alleges
18 Edison turned to defendants First National Mortgage Sources, LLC ("First National"), a loan
19 broker, and George Hannah, II ("Hannah"), a First National employee, to prepare falsified
20 applications for a loan and a separate line of credit from Countrywide.  Plaintiff alleges that
21 Edison, First National and Hannah submitted falsified applications to Countrywide for loans
22 totaling $4,500,000, in Plaintiff Phleger's name and secured by her Green Street Home.  By
23 September 2005, Countrywide approved two loans for a total of $3,850,000, both in Mrs. Phleger's
24 name and both secured by her Green Street Home.  Plaintiff Phleger has testified and provided
25 documentary evidence that she never knew about these transactions nor signed any of the loan
26 documents.
27 On February 14, 2006, Plaintiff Phleger filed a Complaint in San Francisco Superior Court,
28 captioned *Phleger v. Edison, et al.*, Case No. CGC-06-449433, against defendants Edison and his

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

Case No.  C-07-1686 SBA (WDB)
[Proposed] Order

Company Private Wealth Management Group for Conversion, Embezzlement, Theft, Intentional Misrepresentation, Negligent Misrepresentation, Elder Abuse, Violation of Bus. & Prof. Code Sec. 17200, Declaratory Relief, and Temporary Restraining Order/ Preliminary Injunction. A preliminary injunction was issued as was a default.

After obtaining discovery from third-parties in *Phleger v. Edison, et al.*, on August 16, 2006, plaintiff Jean Phleger filed suit against Countrywide, First National, and George Hannah. That action, captioned *Phleger v. Countrywide Home Loans, Inc., et al.*, was filed in the San Francisco Superior Court, but subsequently removed by Countrywide to this Court. The causes of action in the operative complaint, plaintiff's Second Amended Complaint, include (a) Cancellation of Contract; (b) Rescission of Contract based upon Mistake, Capacity, and Consideration; (c) Violation of the Truth in Lending Act; (d) Conspiracy to Defraud; (e) Breach of Fiduciary Duty; (f) Elder Abuse; (g) Unjust Enrichment; (h) Declaratory Relief; and (i) Injunctive Relief.[1]

On March 30, 2007, defendants First National and George Hannah filed a Third-Party Complaint against Michael Edison based upon a single cause of action—Equitable Indemnity. On June 18, 2007, defendant Countrywide filed its Counter- and Cross-Complaint. In that Counter- and Cross-Complaint, Countrywide asserts claims against Mrs. Phleger for (a) Judicial Foreclosure, (b) Money Owed on Notes, (c) Breach of Contract, (d) Unjust Enrichment, (e) Equitable Subrogation, (f) and Declaratory Relief.

On November 6, 2007, Countrywide sent Plaintiff Phleger its notice of intent to sell her home on the first business day after Thanksgiving -- November 26, 2007. Faced with the forced sale of her home, Plaintiff Phleger filed the instant Application For Temporary Restraining Order Enjoining Foreclosure And Order To Show Cause ("Application") to prevent the imminent foreclosure sale from proceeding.

---

[1] Plaintiff's Second Amended Complaint previously contained a cause of action for negligence against Countrywide. On June 4, 2007, however, this court dismissed that cause of action. The preliminary injunction cause of action seeks to enjoin Defendants from foreclosing on Jean Phleger's home.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

Case No. C-07-1686 SBA (WDB)
[Proposed] Order

-2-

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order is intended to preserve the *status quo* pending a full hearing on a preliminary injunction and will issue where the moving party establishes *either* (1) a combination of probable success on the merits and the possibility of irreparable injury, *or* (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-40 (9th Cir. 2001). "These are not two distinct tests, but rather the opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citations omitted). The required showing of irreparable harm decreases as the probability of success on the merits increases. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993). Further, under California law and the holdings by several Federal district courts, a foreclosure sale of one's residence constitutes "irreparable harm" as a matter of law, thus justifying a TRO. *Wheat v. Thomas*, 209 Cal. 306 (1930); Cal. Code Civ. Proc. § 3387; *Wrobel v. S.L. Pope & Associates,* 2007 WL 2345036 (S.D. Cal. 2007) ("Losing one's home through foreclosure is an irreparable injury") (citing *Cronkhite v. Kemp*, 741 F.Supp. 822, 825 (E.D. Wash. 1989.)

## III. ANALYSIS

The Court find that Plaintiff Phleger meets the standards for the issuance of an order temporarily restraining the November 26, 2007 foreclosure sale of her home for the following reasons.

First, the November 26, 2007 foreclosure sale on Plaintiff Phleger's home will cause her irreparable harm as a matter of law. *See Wheat v. Thomas*, *supra*, 209 Cal. 306; Cal. Code Civ. Proc. § 3387; *Wrobel v. S.L. Pope & Associates, supra,* 2007 WL 2345036; *Cronkhite v. Kemp*, *supra*, 741 F.Supp. 822, 825. The foreclosure sale will result in the loss of Plaintiff Phleger's home where she has lived for decades and raised her family; her family home is unique and cannot be replaced. Additionally, the sale price of $3,836,177.67 sought by Countrywide is just enough to cover the Countrywide loans that were issued, the validity of which is an issue to be resolved in this action. The sale price of $3,836,177.67 is less than the actual value of Plaintiff Phleger's

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

-3-

Case No. C-07-1686 SBA (WDB)
[Proposed] Order

home, which Countrywide previously appraised at approximately $5,500,000.  Therefore, if the foreclosure sale is allowed to go forward, Plaintiff Phleger will lose substantial equity in her home, which cannot be recovered, even if she prevails on her claims in this action and the loans are found to be invalid.   These facts constitute irreparable harm sufficient to support the issuance of an order temporarily restraining the November 26, 2007 foreclosure sale.

Second, the November 26, 2007 foreclosure sale must also be enjoined because the evidence elicited so far demonstrates Plaintiff Phleger will succeed on the merits of her claims. Plaintiff Phleger makes a strong showing that she never authorized or signed the Countrywide loan agreement documents at any time, and that the loan documents were prepared and executed as part of defendant Edison's alleged financial fraud scheme.  The documents Countrywide relies upon in seeking to foreclose and sell Plaintiff Phleger's home were signed in either Nevada or San Francisco, but Mrs. Phleger makes a strong showing that she was neither in San Francisco nor in Nevada on the dates those documents were signed.  As such, Plaintiff Phleger has made a strong showing of her probable success on the merits for her claim that the Countrywide loan documents upon which it bases its foreclosure are void, and thus the Countrywide's deed of trust, upon which it bases its foreclosure sale of Mrs. Phleger's home, would also be invalid.

In addition, Mrs. Phleger shows a probable success on the merits of her claims brought under  The Truth In Lending Act ("TILA").  As alleged by Plaintiff Phleger, the Countrywide mortgage loan and line of credit at issue in this case were required to comply with TILA, which provides that the Notice of Right to Cancel must accurately state the last date upon which the borrower may rescind the loan agreement without penalty.  *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986).  Where a lender fails to provide the borrower with a three-business-day period to rescind or cancel, the borrower may rescind the loan within three years after it was consummated.  Here, Plaintiff Phleger presents strong evidence that even if she did sign the loan documents, she was not provided with an adequate Notice of Right to Cancel and, therefore, had three years from September 18, 2005 (the date Countrywide alleges loan documents were signed), to rescind the mortgage and line of credit.  Plaintiff Phleger presents evidence that she rescinded on March 8, 2007, which is within the three-year period, thereby

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

-4-

Case No.  C-07-1686 SBA (WDB)
[Proposed] Order

1  rendering the Countrywide mortgage and line of credit, and the security interest (the deeds of
2  trust) void.  As such, Plaintiff Phleger presents strong evidence that the loans and deeds of trust
3  that form the basis of Countrywide's foreclosure and notice of sale are void and unenforceable.

4    Third, although Plaintiff Phleger meets the standards for the issuance of a temporary
5  restraining order based on irreparable harm and probable success on the merits, the November 26,
6  2007 foreclosure sale must also be enjoined because Plaintiff Phleger meets the alternative test for
7  the issuance of a temporary restraining order in that this case raises serious issues of the validity of
8  the Countrywide loans and the balancing of the hardships in this case weigh sharply in Plaintiff
9  Phleger's favor.  *See Stuhlbarg Int'l Sales Co.*, *supra*, 240 F.3d 832, 839-40.  Plaintiff Phleger
10 makes a strong showing that there are serious issues to be resolved concerning the validity of the
11 Countrywide deed of trust, which deed of trust is the basis for Countrywide's forced sale of
12 Plaintiff Phleger's home on November 26, 2007.  Plaintiff Phleger makes a strong showing that if
13 she prevails on any of those issues, the loans and deed of trust, which is Countrywide's security for
14 the loans, will be void, rendering any foreclosure sale invalid.  In addition, given the irreparable
15 harm faced by the prospect of Plaintiff Phleger losing her family home and all of her equity, which
16 cannot be recovered, the balance of hardships tips sharply in her favor, whereas there is no such
17 hardship faced by Countrywide because its has a pending action for foreclosure in this action and
18 it holds a deed of trust as security and a lis pendens in Plaintiff Phleger's home.

19    Fourth, the defects in the notices of sale require the enjoining of the foreclosures sale.

20 **IV.  CONCLUSION**

21    Therefore, for the foregoing reasons and good cause appearing, the Court grants Plaintiff
22 Phleger's Application For Temporary Restraining Order And Order To Show Cause and
23 **ORDERS** that:

24    (1)  Until this Court determines whether a preliminary injunction shall issue to prevent
25 the foreclosure and sale of Plaintiff Phleger's home located at 2728 Green Street in San Francisco,
26 California, Defendants Countrywide Home Loans, Inc., Countrywide Bank, N.A. Countrywide,
27 and Recontrust Company, and their agents, assigns, employees, officers, attorneys, and
28 representatives are enjoined and restrained from engaging in or performing any act to deprive

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

-5-

Case No.  C-07-1686 SBA (WDB)
[Proposed] Order

1  Plaintiff Phleger of ownership or possession of the real property located at 2728 Green Street in
2  San Francisco, California, including but not limited to instituting, prosecuting or maintaining
3  foreclosure or sale proceedings on the Property, or from otherwise taking any steps whatsoever to
4  deprive Plaintiff Phleger of ownership in the Property.

5  　　　　(2)　　This temporary restraining order is effective immediately and shall remain in effect
6  for at least ten (10) days from the scheduled November 26, 2007 foreclosure sale unless or until
7  otherwise ordered by this Court.

8  　　　　(3)　　No bond will be required as Countrywide has adequate security in Mrs. Phleger's
9  home by way of its deed of trust and lis pendens.

10  　　　　(4)　　This Order Granting Plaintiff Phleger's Application For Temporary Restraining
11  Order And Order To Show Cause, along with all of Plaintiff Phleger's papers supporting her
12  application for a preliminary injunction of the November 26, 2007 foreclosure sale must be served
13  on all parties or their counsel no later than November __, 2007.  Any opposing parties' Opposition
14  and supporting papers must be filed and served no later November __, 2007.  Plaintiff Phleger's
15  Reply and supporting papers must be filed and served no later than November/December __,
16  2007.  The hearing on Plaintiff Phleger's on the issuance of a preliminary injunction will be held
17  on December __, 2007.

18  **IT IS SO ORDERED.**

19  Dated: _____, 2007

21  　　　　　　　　　　　　　　　　　　　　HON. SAUNDRA B. ARMSTRONG
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

726611.01/SF

Case No.  C-07-1686 SBA (WDB)
[Proposed] Order

-6-