RICHARD G. CARLSTON (Bar No. 88050)
KENNETH R. STYLES (Bar No. 157619)
GAVIN D. WHITIS (Bar No. 184133)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone:    925 935 9400
Facsimile:    925 933 4126
E-mail: rgc@msrlegal.com; krs@msrlegal.com; gdw@msrlegal.com

Attorneys for Defendants and Counterclaimants
COUNTRYWIDE HOME LOANS, INC. and
COUNTRYWIDE BANK, F.S.B. (fka Countrywide Bank, N.A.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEAN PHLEGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC. (dba AMERICA'S WHOLESALE LENDER) et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | No. C 07-01686 SBA (WDB)<br>[ASSIGNED FOR ALL PURPOSES TO HON. SAUNDRA B. ARMSTRONG, EXCEPT TO HON. WAYNE D. BRAZIL FOR DISCOVERY ONLY]<br><br>STIPULATION RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BARRING FORECLOSURE<br><br>Date: December 18, 2007<br>Time: 12:00 p.m.<br>Ctrm.: 3, 3rd Fl.<br>Judge: Hon. Saundra B. Armstrong |

STGC\45662\720829.1

1 | Pursuant to Federal Rule of Civil Procedure ("FRCP") 65 and Local Rule 7-12, Plaintiff
2 | Jean Phleger ("Plaintiff") and Defendants Countrywide Home Loans, Inc. and Countrywide
3 | Bank, N.A. (nka Countrywide Bank, F.S.B.) (collectively referred to herein as "Countrywide")
4 | stipulate to the entry of a preliminary injunction as set forth below:

## STIPULATION

1. Plaintiff has an ownership interest in certain real property located at 2728 Green Street in San Francisco, California (the "Property").

2. On September 23, 2005, two deeds of trust were recorded against the Property (the "Deeds of Trust"). Countrywide is currently the beneficiary under these two Deeds of Trust.

3. On August 16, 2006, Plaintiff filed the present litigation (the "Action") in San Francisco County Superior Court, which was subsequently removed to this Court by Countrywide. In the Action, Plaintiff alleges, among other things, that the Deeds of Trust are invalid and unenforceable. Countrywide alleges, among other things, that the Deeds of Trust are valid and enforceable.

4. In November, 2007, Countrywide caused to be recorded a Notice of Sale relating to one of the Deeds of Trust. That Notice of Sale had noticed a trustee's sale date of November 26, 2007.

5. On November 16, 2007, Plaintiff obtained a temporary restraining order from this Court relating to the Notice of Sale. In granting that temporary restraining order, this Court scheduled a hearing date on Plaintiff's motion for preliminary injunction for December 18, 2007.

6. Countrywide has given notice to all counsel that it canceled the Notice of Sale that was the subject of the temporary restraining order, and thus no trustee's sale of the Property is pending. This stipulated preliminary injunction is intended to enjoin any non-judicial trustee's sale of the Property pending the resolution of the claims between Plaintiff and Countrywide relating to the Deeds of Trust.

7. Subject to the following two conditions, Plaintiff and Countrywide stipulate to the following preliminary injunction: that Countrywide and its agents, assigns, employees, officers, attorneys and representatives (including ReconTrust) are enjoined and restrained from attempting

to enforce the Deeds of Trust (or the associated promissory notes), including any efforts to foreclose on the Deeds of Trust through non-judicial foreclosure (i.e., a trustee's sale), pending resolution of the claims between Plaintiff and Countrywide in this Action relating to the Deeds of Trust. Plaintiff and Countrywide agree that this stipulated preliminary injunction is conditioned upon the following two issues:

I. <u>Payment of Real Property Taxes and Insurance</u>: Plaintiff will agree to pay all real property taxes and insurance relating to the Property so long as she has an ownership interest in the Property. Plaintiff will reimburse Countrywide for any amounts that Countrywide paid for real property taxes and insurance from September 23, 2005, to the present to the extent they were owed and not paid by Plaintiff. Countrywide and Plaintiff will meet and confer on those reimbursement amounts, and those reimbursement amounts (if any) shall be paid to Countrywide within thirty (30) days. Plaintiff will agree to pay all present and future real property taxes and insurance relating to the Property so long as she has an ownership interest in the Property. In the event Plaintiff fails to comply with this provision, Countrywide – after first meeting and conferring with Plaintiff – may petition this Court to modify and/or dissolve the preliminary injunction. Plaintiff reserves the right to object and oppose any such petition to the Court.

II. <u>Reservation of Right To Assert Subsequent Bond</u>: Plaintiff and Countrywide stipulate that no bond shall be required at the present time. However, Plaintiff and Countrywide stipulate that Countrywide, after first meeting and conferring with Plaintiff – may petition the Court to modify and/or dissolve the preliminary injunction as it relates to posting security or a bond, including requesting that the Court order Plaintiff to give security or a bond if, for example, Countrywide believes that there is insufficient equity in the Property to secure the obligations under the Deeds of Trust recorded, or if there is waste on the Property. Plaintiff reserves the right to object and oppose any such petition to the Court.

8. Plaintiff and Countrywide reserve the right to modify and/or dissolve this stipulated preliminary injunction, either by subsequent stipulation or by petition to this Court. Plaintiff and Countrywide agree to meet and confer before filing any subsequent stipulations or petitions with this Court relating to this stipulated preliminary injunction.

Dated: December 11, 2007            MILLER STARR REGALIA


By: /s/
RICHARD G. CARLSTON
KENNETH R. STYLES
GAVIN D. WHITIS
Attorneys for Defendants and
Counterclaimants COUNTRYWIDE HOME
LOANS, INC. and COUNTRYWIDE
BANK, F.S.B. (fka Countrywide Bank,
N.A.)


Dated: December 11, 2007            ALLEN MATKINS LECK GAMBLE
                                    MALLORY & NATSIS LLP


By: /s/
ROBERT R, MOORE
MICHAEL J. BETZ
NICHOLAS A. SUBIAS
Attorneys for Plaintiff and Counter-
Defendant JEAN PHLEGER


I, Gavin D. Whitis, attest that I have obtained the concurrence of the signatories listed on this page pursuant to General Order 45 X.B. of the United States District Court for the Northern District of California.


PURSUANT TO STIPULATION, IT IS SO ORDERED


Dated: 12/14, 2007

*Sandra B Armstrong*
SANDRA BROWN ARMSTRONG
JUDGE OF THE U.S. DISTRICT COURT

STGC\45662\720829.1

-3-

Stipulation Re: Plaintiff's Motion For Preliminary Injunction
Barring Foreclosure No. C 07-01686 SBA (WDB)